SOUTHEAST ALASKA CONSERVATION COUNCIL,
AUK KWAAN, LYNN CANAL CONSERVATION, AND SIERRA CLUB

May 10, 2006

Pete Griffin
District Ranger
United States Forest Service
8465 Old Dairy Rd.
Juneau, AK 99801

John C. Leeds
Juneau Regulatory Field Office
United States Army Corps of Engineers
8800 Glacier Highway, Suite 106
Juneau, AK 99801-8079

RE: Notice of intent to sue under the Endangered Species Act and Administrative Procedure Act for failure to initiate formal consultation with regard to Steller sea lion critical habitat in the Juneau Access Improvements Project Area

Dear Mr. Griffin and Mr. Leeds:

On May 10, 2006, the undersigned groups submitted a 60-day notice letter pursuant to section 11(g) of the Endangered Species Act (ESA), 16 U.S.C. § 1540(g), to the Federal Highway Administration (FHWA) and National Marine Fisheries Service (NMFS). That letter explains that FHWA violated the ESA and the Administrative Procedure Act, 5 U.S.C. § 706, by failing to initiate formal consultation with regard to Steller sea lion critical habitat in the Juneau Access Improvements Project area. The letter is attached to this correspondence.

The requirement to ensure protection of critical habitat applies "to all actions in which there is discretionary Federal involvement or control." 50 C.F.R. § 402.03. The term "action" "means all activities or programs of any kind authorized, funded, or carried out, in whole or in part, by Federal agencies in the United States or upon the high seas. Examples include . . . (c) the granting of licenses, contracts, leases, easements, rights-of-way, permits, or grants-in-aid." 50 C.F.R. § 402.02. Accordingly, the Forest Service must initiate formal consultation before it decides whether, and under what conditions, it would grant a right-of-way for construction activities that may affect critical habitat. Similarly, the ESA mandates formal consultation before the Army Corps of Engineers decides whether to issue a permit pursuant to § 404 of the Clean Water Act.

Should the Forest Service or Army Corps of Engineers take those actions without initiating formal consultation, those agencies will violate the clear requirements of the ESA. We strongly encourage the Forest Service and Army Corps of Engineers not to follow FHWA's example and, instead, to initiate formal consultation before issuing any permits or allowing any activities that may adversely affect designated critical habitat for Steller sea lions.

Please address any questions other correspondence regarding this matter to Buck Lindekugel, SEACC, 419 Sixth St., Suite 200, Juneau, AK 99801.

Sincerely,

Buck Lindekugel
SEACC

Rosa Miller
Auk Kwaan

Mark Rorick
Sierra Club

Nancy Berland
LCC

CC:

Forrest Cole, Forest Supervisor
United States Forest Service
648 Mission Street
Federal Building
Ketchikan, AK 99901-6591

Tim Obst
United States Forest Service
Office of General Counsel
P.O. Box 21628
Juneau, AK 99802-1628

Lt. Carl A. Strock, Chief of Engineers
United States Army Corps of Engineers
441 G Street NW
Washington, DC 20314

# SOUTHEAST ALASKA CONSERVATION COUNCIL,
# AUK KWAAN, LYNN CANAL CONSERVATION, AND SIERRA CLUB

David C. Miller                                                                 May 10, 2005
Division Administrator
Federal Highway Administration
709 West 9th Street, Room 851
P.O. Box 21648
Juneau, AK 99802-1648

RE:   Notice of intent to sue under the Endangered Species Act and Administrative Procedure Act for failure to initiate formal consultation with regard to Steller sea lion critical habitat in the Juneau Access Improvements Project Area

Dear Mr. Miller:

Pursuant to section 11(g) of the Endangered Species Act (ESA), 16 U.S.C. § 1540(g), the Southeast Alaska Conservation Council, Auk Kwaan, Lynn Canal Conservation, and Sierra Club submit this letter because the Federal Highway Administration (FHWA) violated the Endangered Species Act (ESA) by failing to initiate formal consultation with regard to Steller sea lion critical habitat in the Juneau Access Improvements Project area. Unless FHWA rescinds its Record of Decision and initiates formal consultation, we intend to commence a legal action under the citizen suit provision of the ESA and/or the Administrative Procedure Act, 5 U.S.C. § 706.

Section 7 of the ESA provides:

> Each Federal agency shall, in consultation with and with the assistance of the Secretary, insure that any action authorized, funded, or carried out by such agency (hereinafter in this section referred to as an "agency action") is not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of habitat of such species . . . , unless such agency has been granted an exemption for such action by the Committee pursuant to subsection (h) of this section.

16 U.S.C. § 1536(a)(2). Accordingly, "[b]efore initiating any agency action in an area that contains threatened or endangered species or a critical habitat, the agency must (1) make an independent determination of whether its action 'may affect' a protected species or habitat, or (2) initiate a formal consultation with the agency that has jurisdiction over the species." *Natural Resources Defense Council v. Houston*, 146 F.3d 1118 (9th Cir. 1998). If the action "may affect" critical species or habitats, formal consultation is mandatory. *See id.*; 50 C.F.R. § 402.14(a).

Despite clear evidence that the selected alternative for the Juneau Access Improvements Project may affect Steller sea lion critical habitat in Lynn Canal, FHWA refused to initiate formal consultation. This failure violates the ESA and APA.

The eastern stock of Steller sea lions, which includes those in Lynn Canal, is listed as threatened under the ESA. *See* Juneau Access Improvements Final Environmental Impact Statement (FEIS) at 3-64. In 1993, the National Marine Fisheries Service (NMFS) designated critical habitat for sea lions. *See* 50 CFR § 226.202. The critical habitat includes major haulouts and rookeries. One such designated haulout, Gran Point, is in Lynn Canal. *Id.* The area of critical habitat around Gran Point "includes all the land and water within a 3,000-foot radius" of the haulout. *See* FEIS, App. S at 3-2.

On April 3, 2006, FHWA signed a Record of Decision (ROD) identifying Alternative 2B as the Selected Alternative for the Juneau Access Improvements project. Under this alternative, Glacier Highway will be extended 50.8 miles to the Katzehin River Delta, where a new ferry terminal will be constructed to provide shuttle ferry service to Skagway and Haines. ROD at 6.

The proposed highway would pass directly through this designated habitat, and within 300 feet of the haulout site. Thus, construction of the road would have a direct effect on this critical habitat by converting a portion of it to highway. The proposed road also may affect the sea lions themselves by creating a significant new source of noise (during both construction and operation of the road), increasing public access to the area, and increasing pollution, runoff, and sediment loads in the surrounding land and water.

Despite those facts, FHWA refused to initiate formal consultation with NMFS to "insure" that the sea lion critical habitat is not "adversely affected." Instead, FHWA relied on a Biological Assessment prepared by the Alaska Department of Transportation and Public Facilities (ADOT). The Biological Assessment concluded that the proposed highway would not affect critical habitat. As required by the ESA implementing regulations, ADOT sought concurrence in that determination from NMFS. *See* 50 CFR 402.14(b)(1) (stating that an agency may avoid formal consultation only if, after preparation of a biological assessment, it determines, "with the written concurrence of the Director, that the proposed action is not likely to adversely affect any listed species or critical habitat.").

In response, NMFS stated that it has "limited experience" with the effects of construction noise "and the likely response by Steller sea lions to human activity in such close proximity to an important haulout." FEIS at 7-111. Nonetheless, it concurred in ADOT's conclusion provided that ADOT agreed to implement additional mitigation measures. *Id.* at 7-111 to 7-119. ADOT agreed to those conditions. *Id.* at 7-120 to 121. These mitigation measures, however, do not ensure protection of Steller sea lion critical habitat.

Initially, because NMFS is uncertain how construction and a road will impact sea lions, the agency cannot be certain that the mitigation measures will be effective. Moreover, the mitigation measures themselves are not fixed and allow FHWA and NMFS to change procedures after construction has begun. For example, construction is prohibited within 1,000 feet of Met Point and within 3,000 feet of Gran Point if sea lions are present, *unless authorized by NMFS*. ROD at 15-16 (emphasis added). Similarly, no boat launches or other access points will be constructed, *unless NMFS concurs that there will be no adverse impact to sea lions. Id.* (emphasis added). Indeed, construction plans for the area within critical habitat have not been finalized and, instead, are subject to later review and approval by NMFS. *Id.* Thus, if the measures prove to be

2

ineffective, or if it is not possible to implement them and complete construction, they can be altered.

This uncertainty is prohibited by the ESA. Formal consultation must be initiated if there is any possibility that critical habitat will be destroyed or adversely modified. Any uncertainty should be investigated now, not halfway through the project.

The FHWA's failure to initiate formal consultation violates the ESA, and this letter constitutes the notice required by 16 U.S.C. § 1540(g) prior to commencement of legal action under that statute. Legal action also may be pursued under the APA to seek redress for FHWA's failure to initiate formal consultation. *See Ground Zero Ctr for Non-Violent Action v. United States Dep't of Navy*, 383 F.3d 1082, 1986 (9th Cir. 2004). Such an action would not require a notice letter.

Please address any questions other correspondence regarding this matter to Buck Lindekugel, SEACC, 419 Sixth St., Suite 200, Juneau, AK 99801.

Sincerely,

Buck Lindekugel
SEACC

Mark Rorick
Sierra Club

Rosa Miller
Auk Kwaan

Nancy Berland
LCC

CC:

Carlos M. Gutierrez, Secretary
Department of Commerce
1401 Constitution Avenue, NW
Washington, DC 20230

James W. Balsiger
Administrator, Alaska Region
National Marine Fisheries Service
P.O. Box 21668
Juneau, AK 99802

Norman Y. Mineta, Secretary
Department of Transportation
400 7th Street SW
Washington, DC 20590

P. Lynn Scarlett, Acting Secretary
Department of the Interior
1849 C Street, NW
Washington, DC 20240