**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | | |
|---|---|---|
| SOUTHEAST ALASKA CONSERVATION COUNCIL, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | 1:06-cv-00009 JWS |
| vs. | ) ) | ORDER AND OPINION |
| FEDERAL HIGHWAY ADMINISTRATION, *et al.*, | ) ) ) | [Re: Motion at Docket 24] |
| Defendants, | ) ) | |
| and | ) ) | |
| STATE OF ALASKA, | ) ) | |
| Intervenor-Defendant. | ) ) | |

## I. MOTION PRESENTED

At docket 24, plaintiffs Southeast Alaska Conservation Council, *et al.* ("plaintiffs") moved for an order augmenting the agency record and compelling defendants to file the complete administrative record in this action. At docket 40, intervenor-defendant the State of Alaska ("intervenor-defendant") filed a "qualified non-opposition" to plaintiffs' motion to augment. At docket 54, defendants Federal Highway Administration, *et al.,* ("defendants") opposed plaintiffs' motion. Plaintiffs filed a consolidated reply at docket 57. Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

This action arises under the Administrative Procedures Act ("APA"), which provides for judicial review of agency action.[1]  The subject matter of this action is the proposed Juneau Access Improvements Project ("the Project").  The Project consists of building a 50.8 mile two-lane highway from the end of the existing highway in Juneau to a new ferry terminal that would be constructed at the Katzehin River delta.  The new ferry terminal would provide ferry service to Haines and Skagway.  Existing mainline ferry service between Juneau, Haines, and Skagway would be discontinued.

The proposed highway would be "constructed through roadless, old-growth forest along the coast of Berners Bay and Lynn Canal, including a 1.2 million-acre inventoried roadless area in the Tongass National Forest."[2]  Because the Project involves federal land, federal funds, and environmental impacts, the Alaska Department of Transportation and Public Facilities ("Alaska DOT&PF") was required to obtain approvals and permits from several federal agencies.

In April 2006, the Federal Highway Administration ("FHWA") entered a Record of Decision ("ROD") approving the Project for federal funding.  The ROD completed the FHWA's review under the National Environmental Policy Act ("NEPA"), and was based on a series of environmental documents prepared by the Alaska DOT&PF.  The Alaska DOT&PF prepared a Draft Environmental Impact Statement ("DEIS") for the Project in 1997, a Supplemental Draft Environmental Impact Statement ("SDEIS") in January 2005, and a Final Environmental Impact Statement ("FEIS") in January 2006.

On May 3, 2006, the Alaska DOT&PF sent a letter to the FHWA requesting a right-of-way for the Project from the United States Forest Service ("Forest Service").  The FHWA forwarded the request to the Forest Service.  By letter dated May 22, 2006, the Forest Service consented to the appropriation by the FHWA of the portion of the right-of-way for the Project that is on federal lands within the Tongass National Forest.

---

[1] 5 U.S.C. §§ 701-706.

[2] Doc. 24 at 3.

On August 16, 2006, plaintiffs filed a complaint for declaratory and injunctive relief pursuant to 5 U.S.C. § 702, 42 U.S.C. § 4332, 16 U.S.C. § 1536, 16 U.S.C. § 1604, 23 U.S.C. §§ 109(a)&(b), and 16 U.S.C. § 668. Plaintiffs' complaint requests the court to enter declaratory judgment that:

- a. the Forest Service violated NFMA by approving a right-of-way crossing designated Old-Growth Habitat without determining that no feasible alternative existed;

- b. FHWA acted arbitrarily by approving the choice of Alternative 2B when its own findings show that operation of the completed road may result in the taking of bald eagles in violation of the Bald Eagle Protection Act;

- c. the FEIS for the Juneau Access Improvements Project violates NEPA by failing to consider reasonable alternatives for improving transportation in Lynn Canal using existing infrastructure without new construction;

- d. FHWA acted arbitrarily by approving the selection of Alternative 2B when evidence in the record shows that the frequency delay times used in the Traffic Demand Forecast were inappropriate, and FHWA did not adequately explain its decision to use those times;

- e. FHWA violated NEPA by relying on inaccurate and misleading frequency delay times in predicting traffic demand and by failing to explain its use of those frequency delay times in light of evidence in the record showing that they were inaccurate; and

- f. FHWA acted arbitrarily in violation of the Endangered Species Act and Administrative Procedure Act by failing to initiate formal consultation when the proposed road may adversely affect designated critical habitat for Steller sea lions.[3]

On January 29, 2007, defendants filed a combined administrative record in this case. The administrative record is divided into two parts described as "the record before [FHWA]" and "the administrative record before the Forest Service."[4] The record attributed to the FHWA consists of 1,326 documents dated from September 1992, through the issuance of the ROD in April 2006. The portion of the administrative record

---

[3]Doc. 1 at 26.

[4]Doc. 16 at 2.
-3-

attributed to the Forest Service consists of five volumes, four of which contain a copy of the 1997 Tongass Land Management Plan and one which contains nine documents. In addition, defendants provided a list of documents relied upon by the Forest Service from the FHWA Administrative Record Index.

Plaintiffs contend that the administrative record is incomplete and moves the court for an order augmenting the record and compelling the FHWA and Forest Service to file the complete administrative record for this litigation. Defendants oppose the motion. Intervenor-defendant does not oppose the addition of seventeen documents specifically identified by plaintiffs from Alaska DOT&PF's Special Projects File, but opposes plaintiffs' generalized request that the court require production of "all other documents that constitute the complete record."[5]

### III. STANDARD OF REVIEW

Judicial review of agency action is governed by the Administrative Procedures Act ("APA"). Under the APA, a reviewing court may set aside agency action only if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[6] Judicial review of agency action is to be based on the whole administrative record before the agency at the time the agency made its decision.[7] Consequently, the "critical inquiry" is whether documents were before the agency at the time of the decision.[8] The whole administrative record is not necessarily those documents the agency has compiled and submitted as the administrative record.[9] Rather, the whole administrative record "consists of all documents and materials directly or indirectly

---

[5]Doc. 24 at 24.

[6]*National Wildlife Federation v. U.S. Army Corps of Engineers*, 384 F.3d 1163, 1170 (9th Cir. 2004) (quoting *Wilderness Society v. U.S. Fish & Wildlife Serv.*, 353 F.3d 1051, 1059 (9th Cir. 2003) (en banc)).

[7]*Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971).

[8]*Thompson v. U.S. Dept. of Labor*, 885 F.2d 551, 556 (9th Cir. 1981)

[9]*Id.*

-4-

considered by agency decision-makers and includes evidence contrary to the agency's position."[10]

## IV.  DISCUSSION

Plaintiffs move to augment the administrative record on the grounds that "the administrative record designated by the federal defendants excludes documents that were considered, either directly or indirectly, by the agencies in reaching the decisions that are the subject of this litigation."[11]  Plaintiffs request the court to remand the administrative record to the FHWA and Forest Service "with direction to add the specific documents identified by Plaintiffs and all other documents that constitute the complete record."[12]

After reviewing the combined administrative record, plaintiffs have "identified two categories of documents that were considered, either directly or indirectly, by the agencies but not included in the designated record."[13]  First, plaintiffs contend that the designated record excludes a large number of documents that are contained in the Alaska DOT&PF's Special Projects File and were used by DOT&PF in preparing the DEIS, SDEIS, and FEIS for the Project.  Plaintiffs argue that "[b]y approving the Draft, Supplemental Draft, and Final Environmental Impact Statements prepared by Alaska [DOT&PF] and by signing a ROD authorizing construction of the project, FHWA indirectly considered documents used by Alaska [DOT&PF] in evaluating the potential impacts of, and choosing among, the alternatives."[14]  Plaintiffs request that the court remand the record to defendants with directions to add all documents considered by the Alaska DOT&PF in preparing the DEIS, SDEIS, and FEIS.[15]  In the alternative, plaintiffs

---

[10]*Id.* (citation omitted).

[11]Doc. 24 at 1.

[12]Doc. 57 at 11.

[13]Doc. 24 at 6.

[14]Doc. 24 at 14.

[15]Doc. 24 at 18.

request the court to require defendants to augment the administrative record with the specific documents from the Special Projects File identified by plaintiffs and attached as Exhibits 10 - 24 and Exhibit 27 to the Declaration of Counsel filed at docket 25.

Defendants oppose the addition of documents from Alaska DOT&PF's Special Projects File on several grounds. First, defendants argue that the agency's determination of what constitutes the whole record is presumed to be correct, but do not cite any Ninth Circuit authority adopting that presumption. Second, defendants oppose the addition of documents considered by the Alaska DOT &PF in preparing the DEIS, SDEIS, and FEIS on the basis that those documents were not before the FHWA. Defendants' argument is unavailing. Defendants acknowledge that although FHWA did not prepare the environmental documents, FHWA staff "participated extensively in reviewing and commenting on the documents during the preparation process,"[16] which suggests some of the documents were at least indirectly considered by the FHWA.

Next, defendants oppose plaintiffs' request that defendants be required to add all documents considered by the Alaska DOT&PF in preparing the DEIS, SDEIS, and FEIS on the grounds that plaintiffs' request would effectively require the inclusion of all documents in the Alaska DOT&PF's files pertaining to the Project because defendants do not know which documents the State considered in preparing the environmental documents for the Project. Intervenor-defendant the State of Alaska also opposes plaintiff's request to require the addition of all documents considered by the Alaska DOT&PF in preparing the DEIS, SDEIS, and FEIS on the grounds that plaintiffs open-ended request goes beyond the scope of what is necessary for effective judicial review. Moreover, intervenor-defendant argues that plaintiffs had "complete and unfettered access" to the Alaska DOT&PF files, after which plaintiffs flagged seventeen documents as relevant for addition to the administrative record.[17] Intervenor-defendant posits that requiring the addition of all documents in the Alaska DOT&PF Special Projects File would require the "addition of potentially hundreds, or thousands, of documents with no

---

[16] Delcaration of Tim A. Haugh at 3, exh. 2, doc. 54.

[17] Doc. 40 at 2.

apparent relevance to any matter in dispute."[18] The court concurs and will deny plaintiffs' generalized request to include all documents considered by the Alaska DOT&PF in preparing the DEIS, SDEIS, and FEIS.

Defendants also oppose the inclusion of the documents at Exhibits 10-24 and 27 on the basis that the documents were not considered by the FHWA. In support of their argument, defendants cite the affidavit of a FHWA staff member who does not have personal knowledge of which documents actually were or were not considered either directly or indirectly by the FHWA, nor which documents were considered by the Alaska DOT&PF and may have been reviewed by the FHWA in preparing the DEIS, SDEIS, and FEIS.

The court is more persuaded by the fact that intervenor-defendant, which actually prepared the DEIS, SDEIS, and FEIS for the Project on behalf of FHWA, "does not object to addition of the seventeen Special Project file documents flagged by plaintiffs, and would prefer that the documents be added, and a briefing schedule set."[19] The fact that the Alaska DOT&PF, which prepared the EIS documents for the Project on behalf of the FHWA, supports the inclusion of the seventeen documents identified by plaintiffs suggests that the documents filed at Exhibits 10-24 and 27 were part of the record before the agencies at the time the agencies made their decisions and therefore constitute part of the "whole administrative record" as defined under *Thompson*. Accordingly, the documents filed as Exhibits 10 - 24 and Exhibit 27 at docket 25 will be incorporated into the administrative record.

Plaintiffs next argue that the federal agencies "have identified a series of drafts, reports and other documents that were considered during the decisionmaking process but not included in the designated record."[20] Plaintiffs specifically request that the documents filed as Exhibits 4 - 7, and Exhibits 29 - 31 to the Declaration of Counsel at docket 25 be included in the administrative record. Plaintiffs contend that the

---

[18]Doc. 40 at 3.

[19]Doc. 40 at 2.

[20]Doc. 24 at 6.

documents at Exhibits 4 - 7 are documents provided by the Forest Service in response to a Freedom of Information Act ("FOIA") request by plaintiffs for documents considered by the Forest Service in concurring with the ROD and agreeing to transfer lands for the construction of the Project.

Defendants previously agreed to include the documents filed as Exhibits 5 and 7, but oppose the inclusion of the documents at Exhibits 4 and 6 in part because the documents "pre-date the FHWA application of May 3, 2006, to the Forest Service for a right-of-way on Forest Service Land for the Juneau road project."[21] Defendants suggest that because the documents pre-date the application, they were not relied upon or considered by the Forest Service when they made their decision. Plaintiffs argue that "[t]his contention is both unsupported by the case law and inconsistent with the Forest Service's prior designation of the record," given that the Forest Service has acknowledged relying on numerous document from the FHWA administrative record which are dated prior to April 3, 2006. The court concurs and will include the documents filed as Exhibits 4, 5, 6, and 7 at docket 25 in the administrative record.

Plaintiffs next argue that defendants considered a report entitled the "Alaska Marine Highway System Marketing and Pricing Study," filed as Exhibits 29 and 30 at docket 25, but did not include it in the administrative record. However, the evidence shows that report itself was not submitted to, nor considered by defendants at the time they made their decisions.[22] Rather, the record shows that defendants directly or indirectly considered two letters from plaintiffs filed as Exhibits 23 and 24 at docket 24, which referenced and included a copy of the title page from the Alaska Marine Highway System Marketing and Pricing Study.[23] Accordingly, the documents filed as Exhibits 23 and 24 at docket 24 will be added to the administrative record, but the document filed as Exhibits 29 and 30 at docket 25 will not.

---

[21]Doc. 54 at 18.

[22]Doc. 24, exh. 24.

[23]Declaration of Tim A. Haugh at 9, exh. 2, doc. 54.

Plaintiffs contend that the designated record also excludes a June 15, 2005 "Cooperative Road Agreement," which was signed by the Forest Service and Alaska DOT&PF and referenced in the administrative record. The "Cooperative Road Agreement" is filed as Exhibit 31 at docket 25. In support of their opposition, defendants cite evidence that the document at Exhibit 31 was not in the possession of, nor considered by, the FHWA in making its Project decisions.[24] However, that same evidence suggests that the document was considered at least indirectly by the Forest Service, and thus constitutes part of the "whole administrative record" as defined under *Thompson*. The agreement filed as Exhibit 31 at docket 25 shall accordingly be added to the administrative record.

In addition to the documents specifically identified above, plaintiffs also request the addition of numerous documents that defendants identified in response to two FOIA requests by plaintiffs. By letter dated June 8, 2006, plaintiffs requested the Forest Service to produce "records generated, received, kept, and/or considered" by the Forest Service in

> ...1) deciding to 'concur with the FHWA' in the decision made in the ROD, as stated in the May 23, 2006 letter; 2) deciding to 'agree' to the transfer or lands under 23 U.S.C. § 317 for purposes of constructing Alternative 2B for the [Project] as stated in the May 23, 2006 letter; and 3) authorizing clearing, brushing, or any other felling of any trees along the proposed right-of-way prior to the date of this request.[25]

The Forest Service identified "73 documents totaling 244 pages and a CD containing additional information within the scope of [plaintiffs'] request."[26] The Forest Service declined to produce 14 of the 73 documents on the grounds that they were exempt from disclosure because they were "deliberative and pre-decisional internal agency communications" or due to attorney-client privilege. An index of the 73 documents is attached as Exhibit 3 to the motion at docket 24.

---

[24]*Id.*

[25]Doc. 25, exh. 1 at 1-2.

[26]Doc. 25, exh. 2 at 1.

Similarly, by letter dated May 10, 2006, plaintiffs requested the FHWA to produce the following documents pursuant to FOIA:

> ...all memoranda, studies, reports, data, correspondence, comments, conversation records, files, electronic mail records, or other documents, which have been generated, received, kept and/or considered by FHWA in 'furnishing guidance, participating in the preparation, and independently evaluating' the Supplemental Draft Environmental Impact Statement (SDEIS) and the FEIS for the [Project] and in preparation or approval of the ROD.[27]

In response to plaintiffs' request, the FHWA provided plaintiffs with an index of documents that fell within the scope of plaintiffs' FOIA request. The index is attached as Exhibit 35 to docket 24.

Plaintiffs contend that defendants have failed to include many of the documents identified in response to the FOIA requests in the administrative record. Defendants argue that inclusion of the omitted documents in the administrative record is not required because some of the documents pre-dated the FHWA application to the Forest Service for a right-of-way for the Project, some of the documents were drafts, some of the documents were not generally circulated within the agency for comment, and some of the documents were not considered directly or indirectly by the agencies in their decision making. Defendants arguments are unavailing. Defendants' responses to plaintiffs' FOIA requests make it clear that the documents identified by the FHWA and Forest Service were part of the whole administrative record before the agencies at the time the agencies made their decisions. Because the court cannot determine from the record which of the documents listed in Exhibits 3 and 35 are already included in the administrative record, and which are not, the court will remand the administrative record to defendants to add any documents listed in Exhibits 3 and 35 which are currently not included in the administrative record, with the exception of the documents listed in Exhibit 3 which defendants have indicated are protected by attorney client privilege.

---

[27]Doc. 25, exh. 32 at 1.

## V. CONCLUSION

For the reasons set out above, plaintiffs' motion at docket 24 to augment and compel completion of the administrative record is **GRANTED IN PART** and **DENIED IN PART** as follows: The documents filed as Exhibits 4-7, 10-24, and 31 at docket 25, and as exhibits 23 and 24 at docket 24 shall be added to the administrative record. In addition, the documents listed in Exhibits 3 and 35 at docket 25, except those documents already included in the administrative record and those protected by attorney-client privilege, shall also be added to the administrative record. Plaintiffs' request to add "all other documents that constitute the complete record" is denied.

It is **FURTHER ORDERED** that the administrative record filed at docket 16 shall be remanded to defendants and that defendants shall forthwith file an amended certified administrative record to which the documents identified above have been added.

DATED at Anchorage, Alaska, this 10th day of October 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE