# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| Southeast Alaska Conservation Council, *et al*.<br><br>  Plaintiffs,<br><br>vs.<br><br>Federal Highway Administration, *et al*.<br><br>  Defendants,<br><br>  and<br><br>State of Alaska,<br><br>  Intervenor-Defendant. | 1:06-cv-0009 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motion at Docket 187] |

## I. MOTION PRESENTED

At docket 187 intervenor-defendant State of Alaska filed a renewed motion for clarification of the amended judgment at docket 117 pursuant to Rule 62(c) of the Federal Rules of Civil Procedure. Plaintiffs' response is at docket 195, and the federal defendants' response is at docket 196. The State filed a reply at docket 197. Oral argument was requested but would not assist the court.

-1-

## II. BACKGROUND

Plaintiffs filed this action more than eight years ago challenging the federal defendants' decision to authorize the Juneau Access Improvements Project (Project), which involved the construction of a road extension and ferry terminal north of Juneau in a roadless area of the Tongass National Forest. On February 13, 2009, the court granted plaintiffs' motion for summary judgment in part, declaring the environmental impact statement (EIS) that was prepared in connection with the Project violates the National Environmental Protection Act (NEPA) because it does not consider an alternative for improved ferry service using existing ferries and terminals.[1] The court's judgment was entered at docket 107 and amended at docket 117. The amended judgment vacates the decision to select the State's proposed construction plan, remands the decision to authorize a right-of-way easement for the Project to the United States Forest Service, and enjoins "[a]ny and all construction activities related to the [Project], and any and all activities dependent upon the issuance of a valid environmental impact statement . . . until such time as defendants demonstrate full compliance with 42 U.S.C. § 4332, its implementing regulations, and this Court's Order of Feb. 13, 2009 (Doc. No. 105)."[2]

Defendants appealed to the Ninth Circuit Court of Appeals.[3] While the appeal was pending, the State filed an unopposed motion to clarify the injunction pursuant to Rule 62(c).[4] The motion sought clarification that "the 3-mile extension of Glacier Highway (State Project No. 69583) is a separate and distinct project from the Juneau

---

[1] Doc. 105 at 21.

[2] Doc. 117 at 2.

[3] Docs. 119, 123. The federal defendants voluntarily dismissal their appeal and did not participate in the State's appeal.

[4] Doc. 133.

-2-

Access Improvement Project (State Project No. 71100; Federal Project No. STP-000S(131))." It was granted at docket 138.

On May 4, 2011, a divided Ninth Circuit panel affirmed the court's judgment in its entirety, holding that the EIS violated NEPA "[b]y failing to examine a viable and reasonable alternative to the proposed project, and by not providing an adequate justification for its omission."[5] The State's petition for panel rehearing and petition for hearing en banc were denied,[6] and the Ninth Circuit's mandate was issued on August 5, 2011.[7]

In 2013 the State filed a second motion for clarification of the injunction, informing the court that the State intended to receive and record an easement from the Forest Service that would "authorize engineering field work and other activities necessary or incident to highway and utility planning, design[,] and environmental review processes."[8] The State sought a declaration that its receipt or recordation of the easement would not depend on a valid EIS, and therefore would not violate the court's injunction.[9] The court held that the State's motion was premature because the process for defining the contours of a right-of-way or easement outlined in the Memorandum of Understanding (MOU) between the Forest Service and the State had not yet been completed.[10] The State's motion was denied without prejudice to renewal at a later date if and when an "easement has been reduced to a specific right-of-way or

---

[5] *Se. Alaska Conservation Council v. Fed. Highway Admin.*, 649 F.3d 1050, 1059 (9th Cir. 2011).

[6] Doc. 142.

[7] Doc. 143.

[8] Doc. 170.

[9] Doc. 171 at 2.

[10] Doc. 185 at 6.

-3-

easement defined by the signatories to the MOU after they take into account the requirements of the MOU."[11] The State now renews its motion.

### III. STANDARD OF REVIEW

Rule 62 contains various provisions that govern stays of proceedings to enforce a judgment. Rule 62(c) pertains to injunctions pending appeal, and authorizes the district court to suspend, modify, restore, or grant an injunction during the pendency of an appeal.[12] The purpose of the rule is to codify the district court's inherent, limited power to preserve the status quo while an appeal is pending.[13] Because the appeal concluded in 2011, Rule 62© has no application here. Nevertheless, the court will consider the State's motion under its inherent power to enforce its own judgments.[14]

### IV. DISCUSSION

The State's motion seeks "clarification" of the injunction, but in substance it seeks to supplement the amended judgment with the following two declarations: (1) "the receipt and recordation of an easement established by Section 4407 of Public Law 109-59 is not dependent upon the issuance of a valid [EIS];" and (2) the State's "intended use of the easement to conduct engineering activities necessary or incident to highway planning, design and environmental review processes is not dependent upon the issuance of a valid [EIS]."[15] The first declaration was also sought in the State's 2013 motion for clarification;[16] the second is a new request.

---

[11]*Id.*

[12]11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2904 (3d ed. 2014).

[13]*McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731, 734 (9th Cir. 1982).

[14]*See Duchek v. Jacobi*, 646 F.2d 415, 418 (9th Cir. 1981).

[15]Doc. 187 at 2. *See also* Doc. 188-3 at 1-2.

[16]Doc. 170 at 4.

The MOU describes a two-step process for developing an easement. First, the Forest Service grants the State a highway and utility planning easement (or "D1 Planning Easement") that allows the State to "conduct engineering and all other activities necessary or incident to highway and utility planning, design and environmental review processes" in the easement.[17] Second, the Forest Service sends the State written acceptance of its survey diagram and issues it a construction, reconstruction, operation, and maintenance easement (or "D2 Construction Easement"),[18] "which authorizes construction and maintenance of the facility."[19] In the spring of 2012, the State asked the Forest Service to issue a D1 Planning Easement so that the State could conduct "necessary planning activities," which have now been identified as various geotechnical investigations in four different zones.[20] In 2013 the court explained that once a specific easement has been identified through the bilateral process described in the MOU the court "could sensibly be asked to determine whether receipt and recording of that specific easement would violate the injunction."[21]

The State's inability to present the court with a proposed easement that has been specifically delineated pursuant to the MOU, which plagued its 2013 motion for clarification, persists today. Although the State and the federal defendants have engaged in discussions regarding the contours of the State's proposed easement,[22] these discussions have still not culminated in an agreement.[23] The State's motion is

---

[17]Doc. 171-4 at 2, 10.

[18]*Id*. at 3.

[19]Doc. 188 at 5.

[20]Doc. 188-2 at 2-4 ¶¶ 5, 7.

[21]Doc. 185 at 6.

[22]Doc. 196 at 7.

[23]*Id*. (explaining that the draft agreement submitted by the State as Exhibit A "has not . . . been executed by the Forest Service" and therefore "is the State's proposal only.").

denied for the same reason its last motion was: the MOU process has not yet been completed.[24]

In its reply brief the State invokes 5 U.S.C. § 706(1) and asks the court to compel the Forest Service to issue the D1 Planning Easement.[25] This request will not be considered because the State raised it for the first time on reply,[26] and because it requests novel relief not contemplated by the court's injunction and therefore exceeds the court's inherent power to enforce its own judgments. If the State wants a court order compelling the Forest Service to issue the D1 Planning Easement, it will have to file a new lawsuit.

## V. CONCLUSION

Based on the preceding discussion, the State's renewed motion for clarification at Docket 187 is **DENIED**.

DATED this 25th day of November 2014.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[24]*Id*. at 9.

[25]Doc. 197 at 15.

[26]*See, e.g., State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir.1990) ("[Parties] cannot raise a new issue for the first time in their reply briefs." (citations omitted)); *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers.").